IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**OHIO VALLEY ENVIRONMENTAL
COALITION, INC.; WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.;
and SIERRA CLUB,**

        Plaintiffs,

v.                                          Civil Action No. 3:11-cv-00115

**ERP ENVIRONMENTAL FUND, INC.,**

        Defendant.

### VCLF LAND TRUST, INC.'S RESPONSE
### TO ORDER ENTERED APRIL 25, 2019

      VCLF Land Trust, Inc. ("VCLF"), by its counsel, hereby submits its written response required by this Court's Order entered April 25, 2019 (Doc. 125).

### PROCEDURAL BACKGROUND

      Plaintiffs and Appalachian Headwaters, Inc. ("Headwaters") filed herein a Motion to Enforce The Second Modified Consent Decree and Selenium Settlement Agreement and Award Attorney's Fees ("Motion to Enforce") (Doc. 110). The foregoing motion seeks certain relief and damages against Defendant ERP Environmental Fund, Inc. ("ERP") and VCLF Land Trust, Inc. ("VCLF"). Headwaters and VCLF are each a "nonparty," as that term is used in Rule 71 of the Federal Rules of Civil Procedure.

      Plaintiffs and Headwaters have subsequently filed a Motion for an Order to Show Cause Directing VCLF to Appear in this Action and Show Cause Why the Court (1) Should Not Exercise Personal Jurisdiction Over It and (2) Should Not Grant the Pending Motion to Enforce

1

(Doc. 125). This Court granted the foregoing motion by its Order entered April 25, 2019 (Doc. 125).

**FACTUAL BACKGROUND**

The present dispute arises from VCLF's failure to make certain installment payments required under a Selenium Settlement Agreement that is incorporated by reference into this Court's Second Modified Consent Decree entered on October 7, 2016 (Doc. 105) (the Selenium Settlement Agreement is Appendix F to the Second Modified Consent Decree within Document 105 between pages 72 and 95, there being multiple versions of the agreement and an errata). Contrary to the assertions of Plaintiffs and Headwaters, ERP is not liable to Plaintiffs and/or Headwaters in the event VCLF defaults on the required payments. Also, VCLF is not liable to Plaintiffs in the event VCLF defaults on the required payments. Under the express terms of the Selenium Settlement Agreement, and specifically Paragraph 13 of said agreement, VCLF agreed to donate money to Headwaters, but not Plaintiffs or any other party or nonparty. Likewise, the express terms of the Selenium Settlement Agreement entitle Headwaters to relief in the event of a default in payment by VCLF, but similar rights are not granted to Plaintiffs or any other party or nonparty. Thus, the dispute presently before this Court is solely between Headwaters, a nonparty, and VCLF, a nonparty.

**COURT'S PRESENT JURISDICTION IN THIS CASE
DOES NOT EXTEND TO THE SELENIUM SETTLEMENT AGREEMENT**

This Court's Second Modified Consent Decree (Doc. 105) is a final order, with a very limited exception. Section XVI, Paragraph 105, of the Second Modified Consent Decree states as follows:

> The Court shall retain jurisdiction over this case until termination of this Second Modified Consent Decree ***with respect to all Covered Outfalls***, for the purpose of resolving disputes arising

2

> under this Decree or entering orders modifying this Decree, pursuant to Section XVII ("Modification") or effectuating or enforcing compliance with the terms of this Decree.

(Doc. 105, Page 60 of 95) (emphasis added). Otherwise, the Second Modified Consent Decree expressly states that it is a final judgment under Rules 54 and 58 of the Federal Rules of Civil Procedure. (Doc. 105, Page 62 of 105). Pursuant to Rule 59 of the Federal Rules of Civil Procedure, a final judgment cannot be altered or amended after the expiration of 28 days after entry of the judgment.

Section XVII, Paragraph 107, which concerns modification of the Second Modified Consent Decree, states as follows:

> The terms of this Second Modified Consent Decree, including the attached appendices, may be modified only by a subsequent written agreement signed by all Parties. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

Doc. 105, Page 60 of 105). The parties have not modified the Second Modified Consent Decree by agreement or any subsequent order or decree of this Court. Accordingly, the Retention of Jurisdiction provision of the Second Modified Consent Decree controls.

The dispute at issue concerns VCLF's failure to make installment payments toward the donation as required by Paragraph 13 of the Selenium Settlement Agreement. The dispute does not concern any of the "covered outfalls," such outfalls being clearly described in the Second Modified Consent Decree, including appendices attached thereto that identify each covered outfall. In the Second Modified Consent Decree, this Court did not retain jurisdiction to enforce VCLF's obligation to make the installment payments required under Paragraph 13 of the Selenium Settlement Agreement, such obligation having nothing to do with any covered outfall.

Accordingly, this Court does not have subject matter jurisdiction over this dispute from within this case.

## VCLF CONSENTED TO PERSONAL JURISDICTION IN THIS COURT, BUT NOT THIS CASE

Under the express language of Paragraph 17 of the Selenium Settlement Agreement, VCLF consents to having this Court enforce the Agreement. However, VCLF did not consent to having that enforcement brought in this case. As explained below, Rule 71 does not afford this Court with jurisdiction in this case under the relief sought in the Motion to Enforce.

## THE MOTION TO ENFORCE SEEKS TO MODIFY THE SECOND MODIFIED CONSENT DECREE AS OPPOSED TO ENFORCING IT

Rule 71 states as follows:

> When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party.

By its express terms, Rule 71 is limited to enforcement of an order. Plaintiffs and Headwaters are not seeking to enforce the Second Modified Consent Order as it is written. Rather, they seek to modify the order to add additional terms and additional relief.

Rule 70 of the Federal Rules of Civil Procedure governs enforcement of judgments for a specific act. Rule 70 states as follows:

> (a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.
>
> (b) Vesting Title. If the real or personal property is within the district, the court—instead of ordering a conveyance—may enter a judgment divesting any party's title and vesting it in

        others. That judgment has the effect of a legally executed conveyance.

    (c)  Obtaining a Writ of Attachment or Sequestration. On application by a party entitled to performance of an act, the clerk must issue a writ of attachment or sequestration against the disobedient party's property to compel obedience.

    (d)  Obtaining a Writ of Execution or Assistance. On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance.

    (e)  Holding in Contempt. The court may also hold the disobedient party in contempt.

In this case, this Court does not expressly order VCLF to undertake any specific act. Rather, VCLF merely agreed to make a donation to Headwaters in Paragraph 13 of the Selenium Settlement Agreement. Nowhere in the Second Modified Consent Decree does this Court expressly order VCLF, a nonparty, to make the payments set forth in Paragraph 13 of the Selenium Settlement Agreement.

      In *Lichtenstein v. Lichtenstein*, 425 F.2d 1111, 1113 (3rd Cir. 1970), the Third Circuit Court of Appeals interpreted Rule 70 as follows in regard to contempt proceedings:

> Where a contempt of court consists of the refusal to pay a sum of money, specificity and definiteness require at a minimum that a court order subsist which requires that the contemnor perform the act of payment of a specific sum. *In re Rubin, supra; NLRB v. Deena Artware, Inc.*, 261 F.2d 503, 509-510 (C.A.6, 1958), *rev'd on other grounds*, 361 U.S. 398, 80 S. Ct. 441, 4 L. Ed. 2d 400 (1960). A court order which provides for a prospective extra-judicial determination of liability lacks the requisites of specificity and definiteness to sustain a finding of contempt for failure to perform the act of payment.

In this case, there was a specific sum set forth in Paragraph 13 of the Selenium Settlement Agreement, but this Court did not expressly order VCLF to pay the sum with any specificity or definiteness. Also, prospective extra-judicial determinations of liability, in this case determining

5

the value of the membership certificate to offset against the debt, remain to be determined. Even if Rule 70 applied to Paragraph 13 of the Selenium Settlement Agreement, there are no enforcement remedies available to Plaintiffs or Headwaters.

## HEADWATERS IS COMMENCING AN ACTION IN VIOLATION OF RULE 3 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiffs and Headwaters are seeking a declaratory relief, equitable relief, and a monetary judgment against VCLF (and ERP) through a Motion to Enforce (Doc. 110) brought under Rule 71. As explained above, Rule 71 does not apply to the particular relief being sought by Plaintiffs and Headwaters. The Motion to Enforce asserts breach of contract and fraud/rescission claims against VCLF (and ERP, notwithstanding that it has no obligation to make the donation at issue). Pursuant to Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Plaintiffs and Headwaters disregarded this requirement and are seeking a summary judgment in their favor, without any hearing, and without allowing VCLF (or ERP) to file a response, assert affirmative defenses, call witnesses, introduce evidence to refute the relief and monetary damages that are sought, and have a jury decide the dispute (at least with respect to those issues triable to a jury).

## THE REQUESTED DECLARATORY RELIEF SERVES NO PURPOSE

In their Motion to Enforce (Doc. 110), Plaintiffs and Headwaters seek the following declaratory relief:

> An Order declaring that Defendant and/or VCLF to have failed to perform the obligations set forth in Paragraph 13 of the Selenium Settlement Agreement.

(Doc. 110, Page 2 of 4). The language of Paragraph 13 clearly makes VCLF solely liable for the donation at issue. There is no dispute that VCLF has not made required payments, although a

6

dispute does exist regarding the amount of the current arrearage, if any. A declaration that ERP failed to perform any obligation under Paragraph 13 would be contrary to law because ERP has no obligations under the express language of that paragraph. In fact, ERP is not referenced in Paragraph 13. VCLF does not dispute that it is in default under Paragraph 13. However, a mere declaration of default serves no purpose beyond the judicial admission stated herein.

The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, allows this Court to grant declaratory relief. "A court may constitutionally exercise jurisdiction in a declaratory judgment proceeding only when 'the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment.'" *Fredeking v. JPMorgan Chase Bank, N.A.*, 2019 U.S. Dist. LEXIS 25777 (S.D.W.Va. Feb. 19, 2019) (quoting *Volvo Constr. Equip. N. Am. v. CLM Equip. Co.*, 386 F.3d 581, 592 (4th Cir.2004) (internal quotations omitted)). A federal district court also has "unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Judicial efficiency, including avoiding duplicitous litigation, are factors to be considered by the court when deciding whether to exercise jurisdiction. *Id.* (citations omitted)

Although VCLF concedes that it is in default, it disputes that Plaintiffs are entitled to any relief, and it disputes that Headwaters is entitled to the equitable relief and monetary damages that it seeks. VCLF is entitled to assert all affirmative defenses available under law and equity, including without limitation defenses available under the West Virginia Uniform Commercial Code. A declaration that a breach of contract occurred is not a stand-alone claim, and it is more appropriately addressed in connection with a breach of contract claim. *See ACA Fin. Guar. Corp. v. City of Buena Vista*, 298 F. Supp. 3d 834, 842-43 (2018), aff'd *ACA Fin. Guar. Corp. v.*

*City of Buena Vista*, 917 F.3d 206 (4th Cir. 2019) (also declining to address a request for a declaration of a right to foreclose where the right to foreclose was not being disputed). There is no judicial efficiency in entering declarations that a party breached a contract. A claim for breach of contract is the proper way to resolve such an issue.

### THE REQUESTED EQUITABLE RELIEF IS CONTRARY TO LAW

In their Motion to Enforce (Doc. 110), Plaintiffs and Headwaters seek the following equitable relief:

> An Order specifically enforcing the Second Modified Consent Decree and the Selenium Settlement Agreement by ordering the following:
>
> a. Directing Defendant and/or VCLF (i) to pay to Headwaters, via cashier's check or electronic funds transfer and within 14 days, an amount equal to VCLF's arrearage, as of the date of the payment, resulting from its nonpayment of its monthly obligations of $150,000 per month under Paragraph 13 of the Selenium Settlement Agreement ($1,950,000 as of March 1, 2019); and (ii) to pay to Headwaters, via cashier's check or electronic funds transfer on the first of each month thereafter through and including October 1, 2019, $150,000 in accordance with Paragraph 13 of the Selenium Agreement; and
>
> b. Directing Headwaters to endorse and deliver the membership certificate in the Virginia LLC to VCLF Land Trust, Inc., upon the satisfaction of VCLF's $6,000,000 obligation under Paragraph 13 of the Selenium Agreement.

(Doc. 110, Page 2 of 4). Subparagraph a, above, seeks specific performance of an obligation to make payments. "Specific performance requires that there be no adequate remedy at law." *Manning v. Bleifus*, 166 W. Va. 131, 134 (1980) (citations omitted). Here, there is an adequate remedy at law, namely a monetary judgment for the amount of the arrearage, it being noted that Plaintiffs and Headwaters also seek a monetary judgment (thus proving it is adequate, assuming there is an arrearage, which is denied). The amount of the arrearage is in dispute because

Headwaters accepted delivery and assumed ownership of the membership certificate, but the value of that membership certificate has yet to be determined. As noted in Paragraph 13 of the Selenium Settlement Agreement, the value of the membership certificate, which is essentially represented by the value of the land held by the Virginia LLC (such land being referred to as the "Loudoun Property" by Plaintiffs and Headwaters), is an offset to the arrearage.

Subparagraph b, above, seeks to rescind the transfer of a membership certificate for a limited liability company based on grounds of fraud. A claim for rescission based on fraud is made in equity. *Laurie v. Thomas*, 170 W. Va. 276, 279 (1982). *see also* W. Va. Code § 46-3-202. In regard to a claim for rescission based on fraud, the Supreme Court of West Virginia stated as follows in *Matney v. Blakely*, 97 W. Va. 291, 296 (1924):

> In order to entitle a party to rescission of a contract on the ground of fraud and misrepresentation he must act promptly and demand rescission upon discovery of the fraud, or give some good excuse for unreasonable delay. He cannot hold on to the contract and act under it after discovery of fraud, and then when he finds it is not fruitful, demand rescission.

*Id*. (citing *Deegans Coal Company v. Hedrick*, 91 W. Va. 377, 113 S.E. 262 (1922)). In their Memorandum in Support of Motion to Enforce The Second Modified Consent Decree and Selenium Settlement Agreement And Award Attorney's Fees (Doc. 111), Plaintiffs and Headwaters state as follows:

> After taking possession, Headwaters took good faith efforts to cause the Virginia LLC to sell its interests in the Loudoun Property, but those efforts have not led to a sale.

(Doc. 111, Page 4 of 13). Specific efforts undertaken by Headwaters are then identified. Headwaters ultimately concluded that a sale of the Loudoun Property would not be fruitful, so it now seeks rescission. Worth noting is that Headwaters could have made the efforts to assess the value of the Loudoun Property after the default, but ***before*** taking title to the membership

9

certificate.  More importantly, Headwaters could have (and should have) conducted due diligence regarding the value of the Loudoun Property ***before*** it agreed to accept the membership certificate as collateral to secure the payment obligation in Paragraph 13 of the Selenium Settlement Agreement.  Prior to entering into the Selenium Settlement Agreement, VCLF provided Plaintiffs and Headwaters with sufficient information concerning the land to put them on notice as to certain features of the title to the land and of the land itself of which they now complain.  The law does not support rescission under the allegations contained in the Motion to Enforce and Memorandum in Support thereof, putting aside the fact that those allegations should be set forth in a Complaint filed in this Court with a proper summons then being issued before this Court should even consider granting the relief being sought.

## SUMMARY JUDGMENT IS NOT PROPER BECAUSE MATERIAL FACTS ARE IN DISPUTE

In their Motion to Enforce (Doc. 110), Plaintiffs and Headwaters seek monetary damages through a summary judgment.  The specific request is as follows:

> A Judgment in favor of Plaintiffs and Headwaters in the amount of VCLF's arrearage as of the date of the entry of the Judgment.

(Doc. 110, Page 2 of 4).  In their Memorandum in Support of the Motion to Enforce (Doc. 111), Plaintiffs and Headwaters contend that this Court can summarily enforce the provisions at issue, being Paragraph 13 of the Selenium Agreement.  The request essentially being made by Plaintiffs and Headwaters is that this Court enter summary judgment in their favor against both ERP and VCLF.  Yet, Plaintiffs and Headwaters have not filed a Complaint that sets forth the claims they are pursuing, and they have not filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

As previously noted, ERP is not obligated to make the donation at issue to Plaintiffs or Headwaters, so summary judgment entered against it would be contrary to the express language of this Court's Second Modified Consent Decree and the Selenium Settlement Agreement. Plaintiffs are not entitled to the donation under a plain reading of the Selenium Settlement Agreement. Thus, a summary judgment in its favor as to ERP, VCLF, or any other party would contradict the express language of this Court's Second Modified Consent Decree and the Selenium Settlement Agreement. Headwaters is the only party entitled to receive the donation, and VCLF is the only party required to pay the donation. Thus, if proper procedures were followed and an arrearage were proven to exist that warranted entry of a judgment, such a judgment, but not necessarily a summary judgment, could only be entered against VCLF.

Even if Plaintiffs and Headwaters could cure their procedural mistakes (or such mistakes are ignored), summary judgment is not appropriate because there are material facts in dispute. The allegations before this Court do not allow it to rule as a matter of law that there was clear and convincing evidence of fraud that allows rescission of the membership certificate that was foreclosed upon by Headwaters. If the transfer of the membership certificate to Headwaters is not rescinded, then this Court cannot determine the amount of the judgment, if any, until the value of the membership certificate is determined. Plaintiffs and Headwaters allege that an approximate 300-acre parcel of land on the Potomac River within an approximate one-hour drive of Washington, D.C. has no value whatsoever. Such an allegation is incredible and clearly not to be relied upon for purposes of granting a summary judgment.

## HEADWATERS HAS NOT INTERVENED IN THIS CASE

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, "[o]n timely motion, the court must permit anyone to intervene who" meets certain requirements. Under subparagraph (c) of that rule:

> A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Headwaters has not sought to intervene in this civil action. Accordingly, it has no rights except those expressly granted to a nonparty under Rule 71. Rule 71 allows a nonparty to enforce an order, but it does not allow a nonparty to seek declaratory relief, equitable relief, or obtain a monetary judgment (beyond what may be included in the order that is the subject of Rule 71). Put another way, Rule 71 does not dispense with the rest of the Federal Rules of Civil Procedures so as to allow a nonparty to circumvent requirements for filing a Complaint, issuing a summons, and the various other rules that are in place to protect due process and other Constitutional rights.

## ATTORNEY'S FEES ARE NOT RECOVERABLE AGAINST VCLF

Plaintiffs and Headwaters seek reimbursement of attorney's fees from VCLF pursuant to Paragraph 90 of the Second Modified Consent Decree. The Selenium Settlement Agreement was incorporated by reference into the Second Modified Consent Decree, but the reverse did not occur. Paragraph 90 of the Second Modified Consent Decree states, in pertinent part, as follows:

> Substituted Defendant agrees to pay Plaintiff's reasonable costs, including attorney's fees and expert witness fees, for their work conducted after the Effective Date of the Second Modified Consent Decree and related to (a) ... and (b) proceeding to interpret or enforce the terms of the Second Modified Consent Decree.

VCLF is not the "Substituted Defendant" for purposes of the Second Modified Consent Decree and Paragraph 90 thereof. VCLF is a nonparty, as conceded by Plaintiffs and Headwaters in their Motion to Enforce (Doc. 110) and Memorandum in Support thereof (Doc. 111).

## SUMMARY

This Court can stay within the four corners of the Second Modified Consent Decree, including the Selenium Settlement Agreement that is Appendix F thereto, and readily ascertain that it lacks subject matter jurisdiction over the matters pleaded in the Motion to Enforce. It can also ascertain that the Motion to Enforce is not seeking to enforce the Second Modified Consent Decree, but, rather, it seeks to modify and expand it in contravention of Rules 70 and 71. It can further ascertain that Plaintiffs have no rights against ERP or VCLF with respect to VCLF's default in failing to make required payments under the Selenium Settlement Agreement. Headwaters may have claims against VCLF for the default, but this case is not the proper case for resolving those claims. If Headwaters wants its claims heard, then it should file a Complaint, in accordance with Rule 3, so that VCLF can file a response, including affirmative defenses, and otherwise be afforded the due process that the Federal Rules of Civil Procedure provide.

## CONCLUSION

For the reasons stated above, VCLF Land Trust, Inc., by counsel, respectfully requests this Court to enter an order that: (i) denies the Motion to Enforce The Second Modified Consent Decree and Selenium Settlement Agreement and Award Attorney's Fees ("Motion to Enforce") (Doc. 110); and (ii) dismisses the show cause set forth in its Order entered April 25, 2019 (Doc. 125).

                                        VCLF LAND TRUST, INC.
                                        By Counsel

<u>/s/ Kevin M. Rose</u>
Kevin M. Rose, Esquire
West Virginia Bar No. 9030
BotkinRose PLC
3190 Peoples Drive
Harrisonburg, Virginia 22801
(540) 437-0019 (office)
(540) 437-0022 (fax)
krose@botkinrose.com
*Counsel for Defendants ERP and VCLF*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**OHIO VALLEY ENVIRONMENTAL
COALITION, INC.; WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.;
and SIERRA CLUB,**

        **Plaintiffs,**

**v.**                                                 Civil Action No. 3:11-cv-00115

**ERP ENVIRONMENTAL FUND, INC.,**

        **Defendant.**

### **CERTIFCATE OF SERVICE**

    I, Kevin M. Rose, do hereby certify that on April 30, 2019, I electronically filed the foregoing **VCLF LAND TRUST, INC.'S RESPONSE TO ORDER ENTERED APRIL 25, 2019**, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel registered to receive notice, including the following:

>Derek O. Teaney
>Appalachian Mountain Advocates, Inc.
>P. O. Box 507
>Lewisburg, West Virginia  24901
>*Counsel for Plaintiffs and*
>*Nonparty Appalachian Headwaters, Inc.*

>                                      <u>/s/ Kevin M. Rose</u>
>                                      Kevin M. Rose, Esquire
>                                      West Virginia Bar No. 9030
>                                      BotkinRose PLC
>                                      3190 Peoples Drive
>                                      Harrisonburg, Virginia 22801
>                                      (540) 437-0019 (office)
>                                      (540) 437-0022 (fax)
>                                      krose@botkinrose.com
>                                      *Counsel for Defendants ERP and VCLF*