IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,

    Plaintiffs,

APPALACHIAN HEADWATERS, INC.,

    Nonparty in whose favor an order has been entered,

v.                                                    CIVIL ACTION NO. 3:11-0115

ERP ENVIRONMENTAL FUND, INC.

    Defendant,

VCLF LAND TRUST, INC.,

    Nonparty against whom an order may be enforced.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Enforce the Second Modified Consent Decree and Selenium Settlement Agreement and Award Attorney's Fees by Plaintiffs Ohio Valley Environmental Coalition, Inc.; West Virginia Highlands Conservancy, Inc.; and Sierra Club (collectively "Plaintiffs"). ECF No. 110. For the foregoing reasons, Plaintiffs' Motion is **GRANTED**. The Court **FINDS** ERP Environmental Fund, Inc. ("ERP") and VCLF Land Trust, Inc. ("VCLF Land Trust") have failed to perform the required donations to Appalachian Headwaters, Inc. ("Appalachian Headwaters") in accordance with the terms of the Second

1

Modified Consent Decree. Appalachian Headwaters is awarded the arrearage owed in the amount of $1,950,000.[1] Furthermore, the Court **GRANTS** attorney's fees in favor of Plaintiffs, consistent with the Second Modified Consent Decree.

## I. BACKGROUND

The Second Modified Consent Decree, (ECF No. 105), stems from a civil action brought by Plaintiffs under the citizen suit provisions of the Clean Water Act, 33 U.S.C. § 1365, and the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1270. *First Am. Compl.*, ¶ 1, ECF No. 23. In their complaint, Plaintiffs alleged illegal discharging of selenium in excess of the limitations contained in permits held by then-defendants Patriot Coal Corporation ("Patriot Coal") and three of its subsidiaries. *Id.* ¶¶ 1–2. This suit was resolved on March 15, 2012, when the Court entered a Consent Decree, (ECF No. 51), which in turn was succeeded by the Modified Consent Decree, (ECF No. 87), on January 9, 2013. The Second Modified Consent Decree, entered on October 7, 2017, represents the most recent iteration of the Court's judgment in this matter and was necessitated by Patriot Coal's bankruptcy.

During the course of the bankruptcy proceedings, Patriot Coal negotiated the sale or transfer of substantially all of its assets to Blackhawk Mining, LLC ("Blackhawk") and Virginia Conservation Legacy Fund ("VCLF"). *Joint Mot. to Modify Modified Consent Decree*, ¶ 3, ECF No. 99. The Bankruptcy Court entered its Confirmation Order on October 9, 2015, providing that Blackhawk and VCLF would assume responsibility for the portions of the Modified Consent

---

[1] To the extent that Plaintiffs request an order that ERP and VCLF Land Trust make payment within fourteen days of this Court's order, that is denied as moot. Any such order would be redundant, as the Second Modified Consent Decree—which remains in effect—already has the force of a court order requiring that payment. Appalachian Headwaters shall have a judgment order in its favor to collect any arrearage.

Decree applicable to their assets. *Id.* ¶¶ 5–6. All obligations owed by Blackhawk and VCLF were then assumed by ERP. *Id.* ¶¶ 7–8. Pursuant to an Assignment and Assumption Agreement, the Court substituted ERP as the Defendant in this action on May 2, 2016. ECF No. 97.

Upon assuming responsibility under the Modified Consent Decree, ERP acknowledged it was out of compliance and its financial condition would likely cause further violations. *Id.* ¶ 9. Plaintiffs and ERP accordingly agreed to a modification that would delay deadlines imposed by the Modified Consent Decree by forty-two months, and "[i]n consideration for the extended deadlines, [ERP] and its parent company VCLF Land Trust, Inc., . . . agreed to fund forest and stream restoration projects in West Virginia pursuant to a Selenium Settlement Agreement." *Id.* ¶ 12; *see also Second Modified Consent Decree*, ¶ 18. The Selenium Settlement Agreement was both incorporated by reference and physically attached to the proposed Second Modified Consent Decree. Though the proposal stated the donation would come directly from VCLF Land Trust, it clarified that both ERP and VCLF Land Trust would be responsible for a six-million-dollar donation to Appalachian Headwaters, paid in monthly intervals. *Proposed Second Modified Consent Decree*, at 76–77, ECF No. 99-1. This donation was secured by one-hundred-percent interest in VCLF Loudoun Holdings, LLC, whose sole asset was an eighty-nine percent interest in 313 acres of land in Loudon County, Virginia. *Id.* October 7, 2016, the Second Modified Consent Decree was entered by this Court.

Subsequent to this modification, half of the required donation was made to Appalachian Headwaters, $2,125,000 of which was wired directly by ERP. *Second Sutton Decl.*, ¶¶ 10–23, ECF No. 137-1. However, both ERP and VCLF Land Trust admit they fell into arrears on the required donation. *ERP's Substituted Resp.*, at 1, ECF No. 121; *VCLF Land Trust's Resp.*, at 2, ECF

No.132. As a result, Appalachian Headwater exercised its option to take possession of the collateral. *Howell Decl.*, ¶¶ 5–9, ECF No. 110-3. Plaintiffs then filed the present Motion to Enforce. *Mot. to Enforce*, at 1, ECF No. 110.

## II. LEGAL STANDARD

Consent decrees are both a "negotiated agreement that is entered as a judgment," as well as "a continuing order . . . having prospective effect." *Bragg v. Robertson*, 83 F. Supp. 2d 713, 717 (S.D. W. Va. 2000), *aff'd sub nom. Bragg v. W. Va. Coal Ass'n*, 248 F.3d 275 (4th Cir. 2001). Since they have the weight of a court judgment, consent decrees are "subject to the rules generally applicable to other judgments and decrees." *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 378 (1992) (internal citations omitted). The United States Supreme Court has recognized the dual nature of consent decrees, stating they have "elements of both contracts and judicial decrees." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Firefighters v. Cleveland,* 478 U.S. 501, 519 (1986)). Accordingly, courts should interpret consent decrees as a contract. In doing so, "reliance upon certain aids to construction is proper, as with any other contract. Such aids include . . . *any other documents expressly incorporated in the decree*." *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 238 (1975) (emphasis added).

When parties consent to a court's continuing jurisdiction to enforce a consent decree, an aggrieved party may apply for relief. *See Bragg*, 83 F. Supp. 2d at 717. In making determinations of proper relief, a hearing is not necessary. The Fourth Circuit recognizes "the authority of a trial court [to] summarily enforce a settlement agreement and to enter judgment based on that agreement without plenary hearing." *Millner v. Norfolk & W. R. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981) (internal citations omitted). "This authority, however, arises not under Rule 56 of the

4

Federal Rules of Civil Procedure but under the trial court's inherent equitable power summarily to enforce a settlement agreement when the practical effect is merely to enter a judgment by consent." *Id.* (citing *Wood v. Virginia Hauling Co.*, 528 F.2d 423, 425 (4th Cir. 1975). Summary procedures are appropriate when the existence of a binding settlement is undisputed and there is no substantial excuse for nonperformance. *Id.*

When selecting a means of enforcement of a consent decree, "courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States,* 384 U.S. 364, 370 (1966). However, if "there was an agreed upon settlement that can be translated into terms of dollars and cents, [the court] should enforce payment of precisely that amount. It is settled that he has the power and authority to do so." *Wood v. Virginia Hauling Co.*, 528 F.2d 423, 425 (4th Cir. 1975).

## III. DISCUSSION

Plaintiffs' argument is a direct one. ERP and VCLF Land Trust have not made their required payments to Appalachian Headwaters under the terms of the Second Modified Consent Decree and they seek remedy on that basis. *Mem. Supp. Mot. to Enforce*, at 1, ECF No. 111. Specifically, Plaintiffs seek declaratory relief, an order of specific performance, and a judgment order in favor of Appalachian Headwaters.[2] *Id.* at 9–10.

ERP and VCLF Land Trust do not deny that proper payment has not been remitted. However, they attempt to create jurisdictional and procedural smokescreens to obfuscate a simple

---

[2] Originally, Plaintiffs requested a judgment in their name. *Mot. to Enforce*, at 2. However, Plaintiffs have acknowledged this request is contrary to law and withdraws this request for judgment as it pertains to them, but not Appalachian Headwaters. *Reply to VCLF Land Trust's Resp.*, n.1, ECF No. 137.

matter. This includes claims from ERP that only VCLF Land Trust is liable for payments to Appalachian Headwater, granting Plaintiffs' requests would require a modification of the Second Modified Consent Decree or a grant of summary judgment, and Appalachian Headwaters must itself intervene in the case. *ERP's Supp. Resp.*, at 2, 5, 8, ECF No. 136. VCLF Land Trust makes similar arguments and claims this matter is an independent breach of contract dispute between non-parties. *VCLF Land Trust's Resp.*, at 13. VCLF Land Trust further contends the Court's jurisdiction is not present in these matters, the consent decree requires no mandatory action on the part of VCLF Land Trust, and the motion to enforce is procedurally deficient. *Id.* at 2–6, 10–12.

In order to address the jurisdictional and procedural issues, the Court shall first provide ERP and VCLF Land Trust with an unadorned explanation of what they agreed to in the Second Modified Consent Decree. In doing so, the obligation, breach, and right to remedy become crystalline.

*A. Duties Under the Second Modified Consent Decree*

On May 2, 2016, the Court substituted ERP as the defendant in this case after it had assumed *all* responsibilities under the preceding Modified Consent Decree. *Second Modified Consent Decree*, ¶ 15. ERP negotiated with Plaintiffs for an extension on some of the deadlines in what would become the Second Modified Consent Decree because it was out of compliance with the Modified Consent Decree. *Id.* ¶ 16–17. It was in express consideration for the extended deadlines that both ERP and its parent company, VCLF Land Trust, agreed to fund forest and stream restoration under the terms of the Selenium Settlement Agreement." *Id.* ¶ 18. The very act of incorporating the Selenium Settlement Agreement by reference—sufficient in and of itself— was spelled out in the sentence immediately following, making it a part of this Court's order. *Id.*

6

It is clear by the language the parties agreed upon that both ERP and VCLF Land Trust are ultimately responsible for the payment of donations to Appalachian Headwaters, with direct payment by the former acting as a bargain for the latter's need for a deadline extension. This is a hallmark of contract law. Even though the Selenium Settlement Agreement directs VCLF Land Trust to make the donations, (*Selenium Settlement Agreement*, ¶ 13, ECF No. 105), ERP has acknowledged its obligation to pay in both words and action. *Second Sutton Decl.*, ¶¶ 10–23; *ERP's Substituted Resp.*, at 1. VCLF Land Trust is bound to make the donations, and ERP is equally liable for non-payment.

Likewise, VCLF Land Trust inserted itself directly into the Court's authority under the Second Modified Consent Decree. By incorporating the Selenium Settlement Agreement, the obligations that arise thereunder are part and parcel of the consent judgment by this Court. Any argument that ERP was not obligated to pay, or that VCLF Land Trust had no obligations under the Second Modified Consent Decree, flatly ignore the nature of a consent decree. VCLF Land Trust should be on notice that it cannot make empty agreements in any court of law.

*B. Jurisdiction*

VCLF Land Trust questions the Court's jurisdiction on the basis that enforcement of the consent decree is limited to "covered outfalls," it is not required to do anything under the consent decree, and this Court cannot invoke Rule 71, nor circumvent Rule 3. *VCLF Land Trust's Resp.*, at 3–5.

Indeed, a Court can only enforce a consent decree in favor of or against a party who consents to it. *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986). Here, such consent is given by all entities presently involved in paragraph

twenty-three of the Second Modified Consent Decree. There, it states that in "any action to enforce the Second Modified Consent Decree or the Selenium Settlement Agreement, [ERP] and its Affiliated Companies consent to this Court's jurisdiction over this Second Modified Consent Decree and consents to venue in this jurisdiction." *Second Modified Consent Decree*, ¶ 23. Furthermore, this jurisdiction is retained until termination of this settlement agreement, including the enforcement of the Second Modified Consent Decree. Not only is judicial enforcement authority explicit in the terms of the consent decree, but it is inherent in the Court's power. *Millner v. Norfolk & W. R. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981). Thus, the Court's jurisdiction is not merely limited to "covered outfalls," but covers all aspects of the consent decree to which parties agreed. This includes enforcement of the donation agreed to in paragraph eighteen of the Second Modified Consent Decree by ERP and its parent company, VCLF Land Trust. As such, jurisdiction over VCLF Land Trust is present in this matter.

*C. Remedy*

Plaintiffs seek to enforce terms that parties agreed upon in the Second Modified Consent Decree. Because the Court has the inherent power to enforce consent judgments, no determination of summary judgment or the procedural rigors to do so are invoked in this matter. This fully eschews any contentions that the Court must require Appalachian Headwaters to file action under Rule 3 or intervene under Rule 24; nor is there a need for modification of judgment under Rule 59 or a grant of summary judgment under Rule 56.[3] Attempts to recategorize VCLF and ERP's non-payment as a breach of contract claim misunderstand the law and attempt to apply inapplicable

---

[3] Plaintiffs contend that this Court can act under Federal Rule of Civil Procedure 71 to enforce the rights of a non-party. However, Rule 71 need not be invoked, because Plaintiffs are a party seeking to enforce the terms of a consent judgment which they negotiated.

procedure. "A consent order is more than a contract . . . for it is also a judicial or quasi-judicial act." *Willie M. v. Hunt*, 657 F.2d 55, 59 (4th Cir. 1981). This judicial imprimatur makes it "easier to obtain enforcement of a consent decree because it will be unnecessary to prove many facts that would otherwise have to be shown in order to establish the validity of an ordinary contract." *Local No. 93*, 478 U.S. at n.13. A court with jurisdiction over a consent decree "will have a more flexible repertoire of enforcement measures." *Id.*

Given the existence and the language of the consent judgment is not in dispute, and there is no legal excuse for nonperformance, a hearing on this matter is unnecessary. The Court can, and will, enforce the terms parties contracted for. In doing so, the Court turns to principles of contract law and the relevant portions of the Uniform Commercial Code ("UCC").

In this vein, ERP contends that sale of the land held by VCLF Loudon Holdings is a condition precedent to pursuing any deficiency in the scheduled donation. *ERP's Substituted Resp.*, at 1. However, this is contrary to the language of the Selenium Settlement Agreement and the tenets of secured transactions. The agreement does not require sale, but merely states that Appalachian Headwaters may cause sale of the property held by VCLF Land Trust "at [its] option." *Selenium Settlement Agreement*, ¶ 13. Moreover, paragraph thirteen of the Selenium Settlement Agreement grants Appalachian Headwaters "all the rights of a secured creditor under the applicable Uniform Commercial Code" in the event of default. *Id.* As this contract operates like a secured transaction, the Court turns to Article Nine of the UCC.

Default of a secured transaction is covered under Part Six of the UCC, which enumerates the rights of a secured party. After default, a secured party has authority to take possession of any collateral. U.C.C. § 9-609. A secured party also maintains the option to "reduce a claim to

9

judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure." U.C.C. § 9-601(a)(1). Parties are not bound to choose a single option, as these rights "are cumulative and may be exercised simultaneously." U.C.C. § 9-601(c).

Here Plaintiffs seek to enforce the terms of this consent decree to which they are party. As ERP and VCLF Land Trust are in default of their contractual obligation, Plaintiffs are entitled to seek enforcement, and Appalachian Headwaters has a right to see this claim reduced to judgment. Accordingly, the Court finds ERP and VCLF Land Trust are in default of their obligations, must come into compliance with the donation schedule and resume timely payment, and any arrearage shall be reduced to judgment.

*D. Attorney's Fees*

As a final matter, paragraph ninety of the Second Modified Consent Decree provides that ERP shall "pay Plaintiffs' reasonable costs, including attorneys' fees and expert witness expenses, for their work conducted after the Effective Date of the Second Modified Consent Decree and related to . . . proceedings to interpret or enforce the terms of the Second Modified Consent Decree." Contractual authority for reimbursement of costs and attorney's fees is a well-established abrogation from the traditional "American Rule," where parties traditionally bear their own litigation costs. There is no contention as to the validity of this fee shifting clause in the consent decree, only its applicability to VCLF Land Trust. *VCLF Land Trust's Resp.*, at 12. The Court agrees that attorney's fees and costs are not recoverable against VCLF Land Trust, but they are against ERP. Plaintiffs shall file a memorandum outlining an award for costs no later than July 8, 2019, ERP shall file a response no later than July 15, 2019.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Plaintiffs' Motion to Enforce, (ECF No. 110). The Court **FINDS** both ERP Environmental Fund, Inc. and VCLF Land Trust, Inc. have failed to perform the required donations to Appalachian Headwaters according to the terms of the existing Second Modified Consent Decree, (ECF No. 105). Appalachian Headwaters is awarded the arrearage owed in the amount of $1,950,000. Furthermore, the Court **GRANTS** attorney's fees in favor of Plaintiffs, and **ORDERS** Plaintiffs file a memorandum outlining an award for costs **no later than July 8, 2019**. ERP shall file a response **no later than July 15, 2019**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 24, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE