IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,

    Plaintiffs,

APPALACHIAN HEADWATERS, INC.,

    Nonparty in whose favor an order has been entered,

v.                                                                               CIVIL ACTION NO. 3:11-0115

ERP ENVIRONMENTAL FUND, INC.

    Defendant,

VCLF LAND TRUST, INC.,

    Nonparty against whom an order may be enforced.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant ERP Environmental Fund, Inc.'s ("ERP") Motion to Stay Judgment. ECF No. 152. For the reasons set forth herein, the Court **DENIES** the motion.

## I. BACKGROUND

This case is under the continuing jurisdiction of this Court pursuant to the Second Modified Consent Decree, which requires a donation from ERP and its parent company, VCLF Land Trust, Inc. *Second Modified Consent Decree*, ¶¶ 18 & 23, ECF No. 105. After a lapse in payment of the monthly installments of that donation, Plaintiffs filed the Motion to Enforce. ECF No. 110. On

1

June 24, 2019, the Court granted the motion, entered judgment against ERP and VCLF Land Trust, Inc. for the outstanding amount in favor of Appalachian Headwaters, and granted an award for attorney's fees in favor of Plaintiffs. *June 24, 2019 Mem. Op. & Order*, at 11; *Judgment Order*, ECF No. 139. Defendant now moves to stay that judgment. *Mot. Stay J.*, ECF No. 152.

## II. LEGAL STANDARD

"[I]t has always been held that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, 556 U.S. 418, 421 (2009) (internal citations omitted). Rule 62(c) of the Federal Rules of Civil Procedure affirmatively invests federal district courts with the power to stay a final judgment granting an injunction pending its appeal. FED. R. CIV. P. 62(c). The Supreme Court has long applied a four-factor test to determine whether a stay is warranted, which the Fourth Circuit adopts for stays of a judgment pending an appeal. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Long v. Robinson*, 432 F.2d 977 (4th Cir.1970). Those factors are:

> 1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies.

*Nken*, 556 U.S. at 434 (quoting *Hilton*, 481 U.S. at 776). A stay of this kind "is considered extraordinary relief for which the moving party bears a heavy burden." *Personhuballah v. Alcorn*, 155 F. Supp. 3d 552, 558 (E.D. Va. 2016) (internal quotations omitted).

## III. DISCUSSION

Rather than file a memorandum of support for its motion to stay as required by Local Rule of Civil Procedure 7.1(a)(2), ERP directly fills its motion with the same insubstantial claims the

Court has come to expect from Defendant's counsel. The characterization of the Court's holdings by counsel for ERP is intellectually dishonest and exhibits behavior which can only be characterized as unprofessional. Regardless, the Court addresses each of the four *Hilton* factors.

*A. Likelihood of Success on the Merits*

Courts have often struggled as to how to gauge this factor, with some in the Fourth Circuit choosing a requirement that movants make a "strong showing" of success, while others apply a less rigid test which balances this factor with the "irreparable injury" factor. *See Ohio Valley Envtl. Coal., Inc. v. Pruitt*, No. CV 3:15-0271, 2017 WL 1712527, at *2 (S.D. W. Va. May 2, 2017) (Chambers, C.J.) (explaining differing approaches within the Fourth Circuit). This Court opts for a muted version of the balancing test, where the presence of a "serious question"[1] of law will not act as an acceptable stand-in for a showing of a likelihood of success. *Ohio Valley Envtl. Coal. v. Army Corps of Eng'rs*, 890 F. Supp. 2d 688, 693 (S.D. W. Va. 2012) (Chambers, J.).

While the Court shies away from prognostication, ERP would plainly fail any version of this balancing test, as it has not presented a serious question for appeal. Instead, ERP begins its screed with the mistaken notion that the Second Modified Consent Decree "does not ***expressly*** require ERP to make the donation at issue[,]" and that "[t]his Court does not cite any express language that makes its findings 'clear[.]'" *Mot. Stay J.*, at 1–2. The false nature of these statements is readily ascertainable. As the Court's Order on the Motion to Enforce plainly states, "[i]t was in express consideration for the extended deadlines that both ERP and its parent company, VCLF

---

[1] Serious questions are those which are so "substantial, difficult, and doubtful, as to make them a fair ground for litigation." *Standard Heavens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 513 (Fed. Cir. 1990) (internal quotations and citations omitted).

Land Trust, 'agreed to fund forest and stream restoration projects in West Virginia pursuant to a Selenium Settlement Agreement." *June 24, 2019 Mem. Op. & Order*, at 10 (quoting *Second Modified Consent Decree*, at ¶ 18).

Moreover, a court's ruling is not "novel" simply because an attorney misunderstands some basic tenets of contract law and peppers his or her memoranda with hyperbolic rhetoric. To help illuminate these principles for those equipped only with dim lanterns, the Court turns to Section 289 of the Restatement (Second) of Contracts. "Where two or more parties to a contract promise the same performance to the same promisee, each is bound for the whole performance thereof, whether his duty is joint, several, or joint and several." Restatement (Second) of Contracts § 289 (1) (Am. Law Inst. 1981). Here, looking to the express language of the contract,[2] *both* ERP and VCLF Land Trust agreed to be responsible for stream restoration, as outlined in the Selenium Settlement Agreement. *Second Modified Consent Decree*, at ¶ 18.

ERP appears to rely on the language of Selenium Settlement Agreement, which only uses the name of VCLF Land Trust, Inc. in describing who will make the donations. However, to read this as cancelling out ERP's earlier assumption of duty would also conflict with principles of contract law. Again, the Court turns to the Restatement. "A writing is interpreted as a whole, and all writings that are part of the same transaction are interpreted together." Restatement (Second) of Contracts § 202 (2) (Am. Law Inst. 1981). "Wherever reasonable, the manifestations of intention of the parties to a promise or agreement are interpreted as consistent with each other and with any relevant course of performance, course of dealing, or usage of trade." *Id.* at § 202 (5); *see*

---

[2] Consent decrees have "elements of both contracts and judicial decrees." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Firefighters v. Cleveland,* 478 U.S. 501, 519 (1986)). Accordingly, "reliance upon certain aids to construction is proper, as with any other contract." *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 238 (1975).

*also Equinor USA Onshore Properties Inc. v. Pine Res., LLC*, 917 F.3d 807, 813 (4th Cir. 2019) (holding that "courts must read contracts as a whole" under West Virginia law) (internal citations omitted). To read the Selenium Settlement Agreement as absolving ERP of its duty to ensure the donation to Appalachian Headwaters would read an inconsistency into this contract. Instead, the Second Modified Consent Decree is read consistently when the Selenium Settlement Agreement describes the operation by which ERP's joint and several obligation will be met, rather than abrogating it. Accordingly, the Court finds no ambiguity—and ERP agrees, (*ERP's Reply*, at 2, ECF No. 155)—and that the contract affirmatively states ERP's liability for the donations to Appalachian Headwaters.[3] Thus, the Court finds ERP's showing of a likelihood for success is null.

   *B. Irreparable Injury to Movant*

When showing "irreparable injury," a movant must demonstrate that the harm it faces is "*likely* in the absence of a stay—not just a possibility." *Pruitt*, 2017 WL 1712527, at *3 (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). "[B]are allegations of what is likely to occur are of no value since the court must decide whether the harm will *in fact* occur." *Bloodgood v. Garraghty*, 783 F.2d 470, 476 (4th Cir. 1986) (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).

While the Court does not take the potential economic harm of bankruptcy lightly, ERP bears a heavy burden to prove this is more than just a potential outcome. *See Personhuballah*, 155 F. Supp. 3d at 558. Here, ERP only offers conclusory statements that if the judgment is enforced,

---

[3] Even if these terms were read as conflicting, ERP's words and actions as to its assumption of these donations is given great weight—despite its bald assertion that there "is no law" on the principle, (*Mot. Stay J.*, at 4). *See Pollack v. Ohio-Apex, Inc.*, 136 F.Supp. 712, 716 (S.D. W. Va. 1955); and *Bruce McDonald Holding Co. v. Addington, Inc.*, 825 S.E.2d 779, 785 (W. Va. 2019).

it "clearly cannot pay its employees, vendors, contractors, and others." *Mot. Stay J.*, at 6. The supporting affidavit offers the contemplation of bankruptcy, but no concrete showing that such an outcome is the likely path should judgment not be stayed. *Cook Declaration*, ¶ 10, ECF No. 152-1. Even so, a showing of irreparable harm alone is not enough to satisfy this test. *See Nken v. Holder*, 556 U.S. 418, 433 (2009) ("A stay is not a matter of right, even if irreparable injury might otherwise result." (quoting *Virginian R. Co. v. U.S.*, 272 U.S. 658, 672 (1926) (discussing the "traditional test for stays")); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *cert. granted, judgment vacated,* 559 U.S. 1089, (2010), and *adhered to in part sub nom. The Real Truth About Obama, Inc. v. F.E.C.*, 607 F.3d 355 (4th Cir. 2010) (holding "all four requirements must be satisfied" in preliminary injunction test mirroring the traditional test for stays). Without more substantiation and an affirmative assertion, ERP fails to make a sufficient showing of irreparable injury.

### C. Substantial Harm to Non-Movant and the Public Interest

In considering the Motion to Stay Judgment, ERP has affirmatively stated that it has neither the means, nor the desire, to post a *supersedeas* bond. *ERP's Reply*, at 2, ECF No. 155. Without such a bond, there is no appeal as a matter of right. FED. R. CIV. P. 62(d). Moreover, a stay would disturb the status quo, infringe upon the consideration Plaintiffs' received in exchange for their alteration of the First Modified Consent Decree, and Appalachian Headwaters would be further delayed in receiving the considerable amount of money that it should have received long ago.

This potential harm to the non-movant ties directly into what serves the public interest. Aside from economic impact on Appalachian Headwaters, a stay would disrupt the expectations of contracting parties. "The public interest most certainly lies in insuring that the [appellant] can

maintain the status quo and protect the rights of the non-appealing party while the appeal is pending." *Daugherty v. Ocwen Loan Servicing, LLC*, 220 F. Supp. 3d 728, 731 (S.D. W. Va. 2016). Threats by ERP of future non-compliance under the Second Modified Consent Decree ring hollow in light of performance bond requirements of the Surface Mining Control and Reclamation Act. 30 U.S.C. § 1259. With these considerations, the final two factors weigh clearly in favor of Plaintiffs. Overall, ERP has failed to make any meaningful showing on the *Hilton* factors, with a notable absence of any sound legal argument on the first. Accordingly, the motion is denied.

## IV. CONCLUSION

For the aforementioned reasons, the Court **DENIES** ERP's Motion to Stay Judgment. ECF No. 152.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

                                   ENTER:     August 15, 2019

                                   ROBERT C. CHAMBERS
                                   UNITED STATES DISTRICT JUDGE