IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,

    Plaintiffs,

APPALACHIAN HEADWATERS, INC.,

    Nonparty in whose favor an order has been entered,

v.        CIVIL ACTION NO. 3:11-0115

ERP ENVIRONMENTAL FUND, INC.

    Defendant,

VCLF LAND TRUST, INC.,

    Nonparty against whom an order may be enforced.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs', Ohio Valley Environmental Coalition, Inc.; West Virginia Highlands Conservancy; and Sierra Club, Memorandum Outlining Award of Costs, (ECF No. 141), and Motion to File Reply to Defendant ERP Environmental Fund, Inc.'s ("ERP") Response to that Memorandum, (ECF No. 143). The Court previously ruled that, per the terms of the Second Modified Consent Decree, Plaintiffs are entitled to attorney's fees from ERP. *June 24, 2019 Mem. Op. & Order*, at 10, ECF No. 138. Having been fully briefed on the matter, and for the reasons set forth herein, the Court **FINDS** Plaintiffs' are entitled to an award of $20,814.35.

1

# I. BACKGROUND

As more fully set out in the Court's June 24, 2019 Memorandum Opinion and Order, this suit resulted in the present Second Modified Consent Decree, in which both "[ERP] and its parent company VCLF Land Trust, Inc., . . . agreed to fund forest and stream restoration projects in West Virginia pursuant to a Selenium Settlement Agreement." *June 24, 2019 Mem. Op. & Order*, at 10 (quoting *Second Modified Consent Decree*, at ¶ 18, ECF No. 105) (internal quotations omitted). The Selenium Settlement Agreement, which was incorporated into the Second Modified Consent Decree, stated the donation would be a six-million-dollar contribution to Appalachian Headwaters, Inc. ("Appalachian Headwaters") paid in monthly intervals by VCLF Land Trust, Inc. *Second Modified Consent Decree*, at 76–77. Subsequent to this agreement, half of the required donation was made to Appalachian Headwaters, $2,125,000 of which was wired directly by ERP. *Second Sutton Decl.*, ¶¶ 10–23, ECF No. 137-1. Eventually, both ERP and VCLF Land Trust, Inc. admit they fell into arrears on the required donation. *ERP's Substituted Resp.*, at 1, ECF No. 121; *VCLF Land Trust Inc.'s Resp.*, at 2, ECF No.132. Plaintiffs then filed the Motion to Enforce. *Mot. to Enforce*, ECF No. 110. On June 24, 2019, the Court granted the motion, entered judgment against ERP and VCLF Land Trust, Inc. for the outstanding donation in favor of Appalachian Headwaters, and granted an award for attorney's fees in favor of Plaintiffs. *June 24, 2019 Mem. Op. & Order*, at 11; *Judgment Order*, ECF No. 139. The Court now addresses the calculation of those fees.

# II. LEGAL STANDARD

"Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (internal citations

omitted). The Fourth Circuit utilizes a three-step process for the proper calculation of an attorney's fee award.

> First, "the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." [*McAfee v. Bozcar*, 738 F.3d 81, 88 (4th Cir. 2013).] (internal quotation marks omitted). Second, "the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones. [Third], the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (citation omitted) (internal quotation marks omitted).

*Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 675–76 (4th Cir. 2015)

### III. DISCUSSION

Plaintiff submits a fee request of $20,779.35, plus related costs of $35.00. *Mem. Outlining Costs*, at 2, ECF No. 141. This is based on an hourly rate of $345.00 for a documented 60.23 hours. *Teaney Declaration*, ¶ 56, ECF No. 141-1. Defendant objects on three grounds, all of which are entirely inapplicable to this calculation and based on a plain misreading of the Court's earlier Order. Accordingly, the Court will ensure compliance with the Fourth Circuit's method for calculation before addressing Defendant's response memorandum.

A lodestar figure is based upon the product of a reasonable rate and a reasonable number of hours. Defendant does not object to Mr. Teaney's rate, and the Court is satisfied with his detailed documentation justifying the proposed amount. Similarly, Defendant does not object to the total amount of hours dedicated to the enforcement of the Second Modified Consent Decree,[1] and the

---

[1] Defendant raises an objection about a perceived failure to allocate hours between time spent on Plaintiffs' claim against VCLF Land Trust, Inc. versus those spent against ERP. *ERP's Resp.,* at 2, ECF No. 142. This is not an argument about the total number of hours incurred in this matter, but one to be addressed at the Fourth Circuit's second step of subtracting hours spent on unsuccessful claims unrelated to successful ones.

Court finds the recorded hours spent on these matters to be appropriate for a complex environmental case. As such, the Court finds Plaintiffs' lodestar figure of $20,779.35 is reasonable.

The second and third steps prescribed by the Fourth Circuit are easily addressed in the instant case. All hours billed by Plaintiffs' counsel were in regard to enforcing the Second Modified Consent Decree for ERP and VCLF Land Trust, Inc.'s failure to remit the required donation to Appalachian Headwaters. *Teaney Declaration*, at 12. This was a request for relief on a single claim, the substance of which the Court granted on the merits. *See June 24, 2019 Mem. Op. & Order*; *see also Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) ("[A] plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."). Accordingly, no reduction for "unsuccessful" or "unrelated" claims is necessary, nor is a reduction based upon the "degree of success."

In the first of three arguments raised in its response, ERP argues that Plaintiffs should not be awarded attorney's fees and costs. *ERP's Resp.*, at 2, ECF No. 142. This argument is untimely, as Plaintiffs have already been awarded attorney's fees. *See June 24, 2019 Mem. Op. & Order*.

Second, ERP claims that fees incurred against VCLF Land Trust, Inc. should be partitioned out because "the Court has ruled that those attorney's fees are not recoverable." *ERP's Resp.*, at 2–3, ECF No. 142. This mischaracterizes the Court's ruling and fails to comprehend how fee apportionment functions. Previously, the Court held that VCLF was not responsible for payment of those fees reasonably incurred, not that the hours incurred were not recoverable under the Second Modified Consent Decree. *June 24, 2019 Mem. Op. & Order*, at 10. Furthermore, subtraction occurs for claims which are unsuccessful and unrelated. Here, the single claim was against ERP and VCLF Land Trust Inc., both of whom were found to be out of compliance with

4

the Second Modified Consent Decree. As Plaintiffs' achieved overall success in their Motion to Enforce, there are no unsuccessful claims. However, the Second Modified Consent Decree only makes ERP liable for payment of costs and attorney's fees incurred to enforce its terms. *Second Modified Consent Decree*, ¶ 90.

Finally, ERP raises a series of misguided and presumably rhetorical questions about Appalachian Headwaters "fail[ure] to submit any evidence that it actually owes any attorney's fees." *ERP's Resp.*, at 2. ERP then falls back on its pattern of misquoting the Court, claiming the order on the Motion to Enforce "only awards attorney's fees to Appalachian Headwaters, Inc. and not any other party. In fact, "the Court **GRANT[ED]** attorney's fees in favor of *Plaintiffs*." *June 24, 2019 Mem. Op. & Order*, at 11 (emphasis added). Appalachian Headwaters is not a Plaintiff in this case. *See supra* caption. Though Mr. Teaney identifies himself as counsel for both Plaintiffs and Appalachian Headwaters, filings with the Court were in his capacity as Plaintiffs' counsel.

While the Court's Order awarded attorney's fees, the plain language of the Second Modified Consent Decree also entitles Plaintiffs' to related costs. *Second Modified Consent Decree*, ¶ 90. Recoverable costs include "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). That applies to the instant case and makes Plaintiffs' counsel's expenses to comply with the Court's April 25, 2019 Order to Show Cause, (ECF No, 125), recoverable. Accordingly, an award of $35.00 for costs is appropriate.

Having dispatched Defendant's unsubstantiated contentions, the Court finds the appropriate calculation of fees and costs awarded to Plaintiffs is $20,814.35. As the Court has resolved the fee calculation. Plaintiffs' Motion to File Reply, (ECF No. 143), is denied as moot.

## IV. CONCLUSION

For the aforementioned reasons, the Court **FINDS** Plaintiffs' are entitled to attorney's fees and costs in the amount $20,814.35 against ERP Environmental Fund, Inc. Furthermore, the Court **DENIES as moot** Plaintiffs Motion to File Reply to ERP Environmental Funds, Inc's Response, (ECF No. 143.)

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 15, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE