IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,

    Plaintiffs,

APPALACHIAN HEADWATERS, INC.,

    Nonparty in whose favor an order has been entered,

v.                                           CIVIL ACTION NO. 3:11-0115

ERP ENVIRONMENTAL FUND, INC.

    Defendant,

VCLF LAND TRUST, INC.,

    Nonparty against whom an order may be enforced.

**MEMORANDUM OPINION AND ORDER**

Pending is the Second Motion to Enforce the Second Modified Consent Decree and Selenium Settlement Agreement and Award Attorney's Fees by Plaintiffs and Appalachian Headwaters, Inc. ("Headwaters"). ECF No. 167. The Court **FINDS** ERP Environmental Fund, Inc. ("ERP") and VCLF Land Trust, Inc. ("VCLF") did not donate to Headwaters as required by the Second Modified Consent Decree. The Court therefore **GRANTS** the Motion and awards Headwaters $1,050,000, the arrearage accrued since the filing of Plaintiffs' first Motion to Enforce.

ECF Nos. 138, 110. The Court also **GRANTS** attorney's fees in favor of Plaintiffs and Headwaters, consistent with the Second Modified Consent Decree.

## I. BACKGROUND

The Second Modified Consent Decree, ECF No. 105, stems from an action brought by Plaintiffs under the citizen suit provisions of the Clean Water Act and the Surface Mining Control and Reclamation Act. ECF No. 23 ¶ 1. Plaintiffs alleged illegal discharging of selenium by Patriot Coal Corporation ("Patriot Coal") and three subsidiaries. *Id.* ¶¶ 1–2. A Consent Decree entered on March 15, 2012, resolved the suit. ECF No. 51. A Modified Consent Decree followed on January 9, 2013. ECF No. 87. The Second Modified Consent Decree, entered on October 7, 2017, is the most recent iteration of the Court's judgment and was necessitated by Patriot Coal's bankruptcy.

During bankruptcy proceedings, Patriot Coal negotiated the sale or transfer of its assets to Blackhawk Mining, LLC ("Blackhawk") and VCLF. ECF No. 99 ¶ 3. The Bankruptcy Court entered its Confirmation Order on October 9, 2015, providing that Blackhawk and VCLF would assume responsibility for the portions of the Modified Consent Decree applicable to their assets. *Id.* ¶¶ 5–6. ERP then assumed all obligations owed by Blackhawk and VCLF. *Id.* ¶¶ 7–8. Pursuant to an Assignment and Assumption Agreement, the Court substituted ERP as the Defendant in this action on May 2, 2016. ECF No. 97.

Upon assuming responsibility under the Modified Consent Decree, ERP acknowledged its noncompliance and that its financial condition would likely cause further violations. ECF No. 99 ¶ 9. Plaintiffs and ERP accordingly agreed to a modification that would delay deadlines imposed by the Modified Consent Decree by forty-two months, and "[i]n consideration for the extended deadlines, [ERP] and its parent company VCLF Land Trust, Inc., . . . agreed to fund forest and

stream restoration projects in West Virginia pursuant to a Selenium Settlement Agreement." *Id.* ¶ 12; ECF No. 105 ¶ 18. The Selenium Settlement Agreement was both incorporated by reference and physically attached to the proposed Second Modified Consent Decree. Though the proposal stated the donation would come directly from VCLF, it clarified that both ERP and VCLF would be responsible for a six-million-dollar donation to Headwaters, paid in monthly intervals. ECF No. 99-1, at 76–77. This donation was secured by one-hundred-percent interest in VCLF Loudoun Holdings, LLC, whose sole asset was an eighty-nine percent interest in 313 acres of land in Loudon County, Virginia. *Id.* The Court entered the Second Modified Consent Decree on October 7, 2016.

Subsequent to this modification, Headwaters received half of the required donation. ECF No. 137-1 ¶¶ 10–23. However, both ERP and VCLF admit they fell into arrears on the required donation. ECF No. 121, at 1; ECF No. 132, at 2. As a result, Headwaters exercised its option to take possession of the collateral. ECF No. 110-3 ¶¶ 5–9. Plaintiffs then filed a Motion to Enforce. ECF No. 110. The Court granted this Motion and awarded Headwaters the arrearage owed of $1,950,000. ECF No. 138. Following continued nonpayment by ERP and VCLF, Plaintiffs filed the present Motion, seeking $1,050,000 for the arrearage accrued since the filing of Plaintiff's first Motion to Enforce.

## II. LEGAL STANDARD

Consent decrees are both a "negotiated agreement that is entered as a judgment," as well as "a continuing order . . . having prospective effect." *Bragg v. Robertson*, 83 F. Supp. 2d 713, 717 (S.D.W. Va. 2000), *aff'd sub nom. Bragg v. W. Va. Coal Ass'n*, 248 F.3d 275 (4th Cir. 2001). Since they have the weight of a court judgment, consent decrees are "subject to the rules generally applicable to other judgments and decrees." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367,

3

378 (1992) (internal citations omitted). The Supreme Court has recognized the dual nature of consent decrees, stating they have "elements of both contracts and judicial decrees." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citation omitted). Accordingly, courts should interpret consent decrees as a contract. In doing so, "reliance upon certain aids to construction is proper, as with any other contract. Such aids include . . . *any other documents expressly incorporated in the decree*." *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 238 (1975) (emphasis added).

When parties consent to a court's continuing jurisdiction to enforce a consent decree, an aggrieved party may apply for relief. *See Bragg*, 83 F. Supp. 2d at 717. In making determinations of proper relief, a hearing is not necessary. The Fourth Circuit recognizes "the authority of a trial court [to] summarily enforce a settlement agreement and to enter judgment based on that agreement without plenary hearing." *Millner v. Norfolk & W. R. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981) (internal citations omitted). "This authority, however, arises not under Rule 56 of the Federal Rules of Civil Procedure but under the trial court's inherent equitable power summarily to enforce a settlement agreement when the practical effect is merely to enter a judgment by consent." *Id.* (citing *Wood v. Virginia Hauling Co.*, 528 F.2d 423, 425 (4th Cir. 1975). Summary procedures are appropriate when the existence of a binding settlement is undisputed and there is no substantial excuse for nonperformance. *Id.*

When selecting a means of enforcement of a consent decree, "courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States,* 384 U.S. 364, 370 (1966). However, if "there was an agreed upon settlement that can be translated into terms of dollars and cents, [the court] should enforce payment of precisely that amount. It is

4

settled that he has the power and authority to do so." *Wood v. Virginia Hauling Co.*, 528 F.2d 423, 425 (4th Cir. 1975).

### III. DISCUSSION

Despite the Court's granting of Plaintiffs' first Motion to Enforce, Plaintiffs submit that ERP and VCLF continue to disregard the payments owed under the Selenium Settlement Agreement incorporated into the Second Modified Consent Decree. ECF No. 168, at 3–4. ERP and VCLF do not dispute their continued noncompliance. Instead, ERP and VCLF persist with a set of jurisdictional and procedural arguments the Court already rejected. *See* ECF Nos. 170, 138.

In their Response, ERP and VCLF merely refer the Court to their earlier pleadings responding to the first Motion to Enforce and to their appellate brief filed with the Fourth Circuit. ECF No. 170. The Court already disposed of the arguments raised by ERP and VCLF in response to Plaintiffs' first Motion to Enforce. *See* ECF No. 138. The Court also declines to sort through their appellate brief in search of new arguments. Parties have the duty to present their arguments to the Court. The Court has no duty to search for them in the appellate record.

Plaintiffs and Headwaters also request the Court award them attorney's fees and costs related to this Motion. ECF No. 167, at 2. The Second Modified Consent Decree provides that ERP shall "pay Plaintiffs' reasonable costs, including attorneys' fees and expert witness expenses, for their work conducted after the Effective Date of the Second Modified Consent Decree and related to . . . proceedings to interpret or enforce the terms of the Second Modified Consent Decree." ECF No. 105 ¶ 9. The Court previously found that attorney's fees and costs are recoverable against ERP under this provision, but not VCLF. ECF No. 138, at 10. Accordingly, the Court grants attorney's fees and costs related to this Motion in favor of Plaintiffs and

Headwaters and orders them to file a memorandum outlining an award by November 18, 2019. ERP must file its response by November 25, 2019.

## IV. CONCLUSION

The Court therefore **GRANTS** Plaintiffs' Second Motion to Enforce, ECF No. 167. The Court **FINDS** ERP and VCLF have failed to perform the required donations to Headwaters under the Second Modified Consent Decree, ECF No. 105. The Court awards Headwaters $1,050,000, which is the total arrearage owed ($3,000,000) less the amount awarded in the Court's prior Order ($1,950,000). The Court further **GRANTS** attorney's fees in favor of Plaintiffs and **ORDERS** Plaintiffs to file a memorandum outlining an award for costs **by November 18, 2019**. ERP must file a response **by November 25, 2019.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 4, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE