IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,

    Plaintiffs,

APPALACHIAN HEADWATERS, INC.,

    Nonparty in whose favor an order has been entered,

v.                                                                  CIVIL ACTION NO. 3:11-0115

ERP ENVIRONMENTAL FUND, INC.

    Defendant,

VCLF LAND TRUST, INC.,

    Nonparty against whom an order may be enforced.

**MEMORANDUM OPINION AND ORDER**

Pending is the Motion by Plaintiffs and Appalachian Headwaters, Inc. for Appointment of Special Commissioner and Issuance of a Summons for Ascertainment of Judgment Debtor's Estate, ECF No. 151. The Court **GRANTS** the Motion and **APPOINTS** Magistrate Judge Cheryl A. Eifert to serve as a commissioner over this matter.

**I. BACKGROUND**

On October 7, 2016, the Court entered a Second Modified Consent Decree. ECF No. 105. Under the incorporated Selenium Settlement Agreement, Defendant and VCLF Land Trust, Inc. ("VCLF") agreed to donate $6,000,000 to Appalachian Headwaters, Inc. ("Appalachian

Headwaters"). ECF No. 99-1, at 76–77. The required monthly payments stopped after Appalachian Headwaters received $3,000,000. ECF No. 137-1 ¶¶ 10–23. On June 24, 2019, the Court granted a Motion to Enforce by Plaintiffs and issued a Judgment in favor of Appalachian Headwaters for the arrearage owed of $1,950,000. ECF Nos. 138, 139. Defendant and VCLF did not satisfy the Judgment and continued to disregard their required payments, so the Court granted a second Motion to Enforce and issued a Judgment of $1,050,000 for the arrearage accrued since the filing of Plaintiffs' first Motion to Enforce. ECF Nos. 173, 174. Because Plaintiffs and Appalachian Headwaters have been unable to satisfy the Judgments, they ask the Court to appoint a magistrate judge to conduct a debtor examination to ascertain the real and personal property on which this Court's Judgments and Writs of Execution have created liens as a matter of law. ECF Nos. 151, 169.

## II. DISCUSSION

Under West Virginia Code § 38-3-6, the Judgements issued by the Court against Defendant and VCLF on June 24, 2019, and November 4, 2019, are "a lien on all the real estate of or to which the defendant . . . is or becomes possessed or entitled, at or after the date of [the] judgment . . . ." ECF Nos. 139, 174. Additionally, under West Virginia Code § 38-4-8, the Writs of Execution issued on July 30, 2019, created a lien on all personal property owned by Defendant and VCLF. ECF Nos. 149, 150.

In aid of judgment or execution, Federal Rule of Civil Procedure 69(a) allows judgment creditors to institute proceedings as provided by the state where the Court sits. West Virginia Code § 38-5-1 provides for such a procedure "[t]o ascertain the estate on which a writ [of execution] . . . is a lien, and to ascertain any real estate in or out of this State to which a debtor . . . is entitled." On application by a judgment creditor, a summons is issued "against the execution debtor, or any

officer of a corporation execution debtor having an office in this State . . . requiring the execution debtor to appear before a commissioner in chancery . . . to answer upon oath such questions as shall be propounded at such time and place by counsel for the execution creditor, or by the commissioner." W. Va. Code § 38-5-1.

Because there is no "commissioner" in the federal judicial system, this district has held that "a magistrate judge may serve in that role for purposes of conducting proceedings in aid of execution under West Virginia Code § 38-5-1." *U.S. Foodservice, Inc. v. Almost Heaven Ribs, Inc.*, 3:11-cv-00595, 2012 WL 1567189, at *1 (S.D. W. Va. Apr. 30, 2012) (citing *Chicago Pneumatic Tool Co. v. Stonestreet*, 107 F.R.D. 674, 675 (S.D. W. Va. 1985); *U.S. Foodservice, Inc. v. Donahue*, 3:10-cv-183, 2010 WL 5067939, at *1 (S.D. W. Va. Dec. 3, 2010); *Byron Originals, Inc. v. Iron Bay Model Co.*, 5:05-cv-82, 2006 WL 1004827, at * 1 (N.D. W. Va. Apr. 12, 2006)). Interrogatory proceedings "essentially allow a commissioner to join in the questioning during the deposition of a judgment debtor," and 28 U.S.C. § 636(a)(2) specifically confers the power to take depositions on magistrate judges. *Id.* (citation and internal quotation marks omitted). The Federal Magistrate Act permits this role, as magistrate judges "may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." *Id.* (citing 28 U.S.C. § 636(b)(3)).

### III. CONCLUSION

Accordingly, the Court **APPOINTS** Magistrate Judge Cheryl A. Eifert as a commissioner for purposes of conducting a proceeding pursuant to West Virginia Code § 38-5-1. Upon Plaintiffs' ascertaining of a date and time convenient for Magistrate Judge Eifert, the Court **DIRECTS** the Clerk to issue summonses, pursuant to Rule 4 of the Federal Rules of Civil Procedure, directing Defendant and VCLF to appear at the specified date and time before Magistrate Judge Eifert. In

conducting the proceeding, Magistrate Judge Eifert may enter additional orders pursuant to the Federal Rules of Civil Procedure or Chapter 38, Article 5 of the West Virginia Code.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 6, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE