IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., et al.,

    Plaintiffs,

v.                                                                                          CIVIL ACTION NO. 3:09-CV-01167

ERP ENVIRONMENTAL FUND, INC.,

    Defendant.

AND

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., et al.,

    Plaintiffs,

and

APPALACHIAN HEADWATERS, INC.,

    Nonparty in whose favor an order has been entered,

v.                                                                                          CIVIL ACTION NO. 3:11-cv-00115

ERP ENVIRONMENTAL FUND, INC.,

    Defendant.

### AGREED ORDER RESOLVING OUTSTANDING ISSUES RELATED TO PLAINTIFFS' MOTION TO JOIN ADDITIONAL DEFENDANT, ORDER STATUS REPORT, DECLARE LIABILITY FOR STIPULATED PAYMENTS, AND PERMIT LIMITED DISCOVERY

On June 25, 2020, the Court entered an order granting in part Plaintiffs' Motion to Join Additional Defendant, Order Status Report, Declare Liability for Stipulated Payments and Permit Limited Discovery and joined the Receivership Estate of ERP Environmental Fund, Inc., as an additional defendant in this action. In that same June 25, 2020 Order, the court held in abeyance

Plaintiffs' requests for additional relief and directed the Parties to meet and confer regarding (1) what money judgment the plaintiffs may be entitled to; (2) what additional reporting from the Special Receiver is appropriate; and (3) whether the Court should permit discovery as to the Special Receiver. The Parties have conferred regarding these subjects and have described for the Court their agreement resolving the relief sought by Plaintiffs' pending enforcement motion. The Court, having reviewed the terms of the agreement, finds the agreement to an appropriate resolution of the pending motion, **GRANTS** Plaintiffs' motion, and hereby **ORDERS** the following:

A.  **Additional Compliance Reporting by the Special Receiver**

The Special Receiver shall prepare two compliance status reports, the first to be submitted by **September 7, 2020**, with the second to be submitted by **October 6, 2020**, by which time the Special Receiver shall have addressed all outfalls covered by the Second Modified Consent Decree and the Court's orders in Civ. No. 3:09-cv-1167, regardless of whether the Special Receiver believes those outfalls to have been terminated. The compliance status reports shall include the following:

1) a summary of the treatment technologies in place for each outlet;

   a) including a determination of the efficacy of existing treatment systems currently in place;

      i) if there is no treatment system in place, the Special Receiver shall identify a technology in a manner consistent with the Second Modified Consent Decree and provide a cost estimate to achieve compliance;[1]

2) cost estimates to get existing treatment systems operational to achieve compliance; and

---

[1] The Plaintiffs have reserved their rights to assert any and all objections available to them under the Second Modified Consent Decree regarding the Special Receiver's identification of any treatment technologies.

3) cost estimates provided in the compliance status reports shall include estimates of capital costs, operating and maintenance costs, and the costs to establishing or re-establishing electrical power if necessary.

**B.   Calculation of Stipulated Payments**

The Parties have agreed on a methodology for calculating Stipulated Payments that would otherwise be owed by the Receivership Estate, assuming it had the funds to pay Stipulated Payments, with the understanding that Plaintiffs will not attempt to collect the agreed-upon sum of Stipulated Payments at this time but reserve their right to pursue collection in the event of a change in circumstances. Within 21 days of the entry of this Order, the Parties shall submit a proposed order declaring a baseline amount of Stipulated Payments that would otherwise be owed by the Receivership Estate.

**C.   Additional Discovery**

No later than **September 7, 2020**, the Special Receiver shall provide a written statement that will include:

1) A description of the financial state of the Receivership Estate, including:

   a) a reasonably current list of accounts payable and known debts;

   b) a rough listing of on-going revenues and real and personal property assets; and

   c) an estimated valuation of personal property like mobile equipment and larger pieces of real estate (however, it is understood that the Special Receiver is not required to hire outside appraisers in order to provide the estimated valuation of personal property and real estate);.

2) A description of the actions the Special Receiver has taken to date in order to discharge the Receivership Estate's obligations;

3) A projection as to the Special Receiver's role in handling the affairs of the Receivership Estate;

4) A description of the nature of the relationship between the Special Receiver and the West Virginia Department of Environmental Protection ("WVDEP"), including a statement outlining its pre-receivership discussions and correspondence with WVDEP and its ongoing relationship, correspondence, and discussions.

5) An opinion on whether there are or will be sufficient sources of revenue or disposable assets in the Receivership to cover all of the compliance obligations that the Estate faces.

If Plaintiffs have additional questions after reviewing the written statement described above, then the Special Receiver shall make himself available for a phone conference at the earliest time practicable with Plaintiffs in order to answer additional questions regarding these topics. If following that phone conference, Plaintiffs want to depose the Special Receiver under oath or submit interrogatories, the Special Receiver shall make Barry Doss available for a deposition at a reasonable time and/or to provide responses to up to ten (10) written interrogatories within 30 days of their presentment.

Entered this 18 day of August 2020.

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE