IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WEST VIRGINIA HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,

      Plaintiffs,

v.                                          CIVIL ACTION NO.   3:11-0115

ERP ENVIRONMENTAL FUND, INC. and
RECEIVERSHIP ESTATE OF
ERP ENVIRONMENTAL FUND, INC.,

      Defendants,

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Joint Motion to Enter Proposed Addendum to Second Modified Consent Decree. ECF No. 240. This Addendum resolves all Plaintiffs' objections to Defendants' July 14, 2020, Notice of Termination. Plaintiffs submitted a copy of the Proposed Consent Decree to the United States Department of Justice. *See* ECF No. 239.

The Clean Water Act ("CWA") requires that:

> No consent decree shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent decree by the Attorney General and the Administrator.

33 U.S.C. § 1365(c)(3). The Department of Justice submitted a letter to the Court on December 14, 2021, stating that it had reviewed the Proposed Eleventh Amendment and had no objections. *See* ECF No. 240-1.

The Fourth Circuit Court of Appeals has noted that "a consent decree 'has elements of both judgment and contract,' and is subject to 'judicial approval and oversight' generally not present in other private settlements." *Szaller v. Am. Nat'l Red Cross*, 293 F.3d 148, 152 (4th Cir. 2002)

(quoting *Smyth v. Rivero*, 282 F.3d 268, 279-80 (4th Cir. 2002)); *see also Local No. 93, Int'l Assn. of Firefighters, AFL-CIO v. Cleveland*, 478 U.S. 501, 519 (1986); *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 237 n. 10 (1975) (citation omitted); *Alexander v. Britt*, 89 F.3d 194, 199 (4th Cir. 1996). It has expanded on this principle in *Smyth*, observing that a district court is to scrutinize the proposed decree and make findings prior to entry. *Smyth*, 282 F.3d at 280. Quoting Judge Rubin in *United States v. Miami*, the Fourth Circuit explained:

> Because the consent decree does not merely validate a compromise but, by virtue of its injunctive provisions, reaches into the future and has continuing effect, its terms require more careful scrutiny. Even when it affects only the parties, the court should, therefore, examine it carefully to ascertain not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates [sic] Constitution, statute, or jurisprudence.

664 F.2d at 441 (Rubin, J., concurring). In other words, a court entering a consent decree must examine its terms to ensure they are fair and not unlawful. *Smyth*, 282 F.3d at 280.

The Fourth Circuit has further explained:

> In considering whether to enter a proposed consent decree, a district court should be guided by the general principle that settlements are encouraged. *See Durrett v. Housing Authority of City of Providence*, 896 F.2d 600, 604 (1st Cir.1990). Nevertheless, a district court should not blindly accept the terms of a proposed settlement. *See Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir.1975). Rather, before entering a consent decree the court must satisfy itself that the agreement "is fair, adequate, and reasonable" and "is not illegal, a product of collusion, or against the public interest." *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir.1991). In considering the fairness and adequacy of a proposed settlement, the court must assess the strength of the plaintiff's case. *See Flinn*, 528 F.2d at 1172–73. While this assessment does not require the court to conduct "a trial or a rehearsal of the trial," the court must take the necessary steps to ensure that it is able to reach "an informed, just and reasoned decision." *Id.* (internal quotation marks omitted). In particular, the "court should consider the extent of discovery that has taken place, the stage of the proceedings, the want of collusion in the settlement and the experience of plaintiffs' counsel who negotiated the settlement." *Carson v. American Brands, Inc.*, 606 F.2d 420, 430 (4th Cir.1979) (en banc) (Winter, Circuit Judge,

dissenting), *adopted by Carson v. American Brands, Inc.*, 654 F.2d 300, 301 (4th Cir.1981) (en banc) (per curiam).

*United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999).

This Court is also empowered to modify a consent decree. "It has long been recognized that courts are vested with the inherent power to modify injunctions they have issued. That same authority also exists with regard to a court's consent decrees, which regulate future conduct and thus operate as injunctions." *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 404 F.3d 821, 825–26 (4th Cir. 2005) (citing *United States v. Swift & Co.*, 286 U.S. 106, 114–15 (1932)). That inherent power has been formalized in Rule 60(b)(5) of the Federal Rules of Civil Procedure. *Id.* at 826. The Supreme Court further explained that "a party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree. If the moving party meets this standard, the court should consider whether the proposed modification is suitably tailored to the changed circumstances." *Rufo v. Inmates of Suffolk Cty*, 502 U.S. 367, 383 (1992).

Furthermore, the parties have agreed that material modifications to the Second Modified Consent Decree must be approved by the Court. According to the October 7, 2016, Second Modified Consent Decree, the parties may modify the decree only upon a subsequent written agreement by all parties, and where the modification is material, the modification will only become effective by approval of this Court. Second Modified Consent Decree, Oct. 7, 2016, ECF No. 105, at ¶ 107.

The Eleventh Amendment to the Second Modified Consent Decree extends the date for compliance for Outfalls 003 and 006 of WV/NPDES Permit WV 1014684 to September 1, 2024. ECF No. 238-1, at 3. The Court understands that this permit was transferred to Panther Creek Mining, LLC, on December 9, 2020, thus warranting the extension. *Id.* at 2–3. In consideration for

this deadline extension, Panther Creek agrees to fund forest and stream restoration projects in West Virginia through a contribution of $383,000 to the environmental Mitigation Project and $117,000 of the Stipulation Payments that accrued under the Second Modified Consent Decree as a result of selenium effluent limitation violations at certain Covered Outfalls. *Id.* at 3. Additionally, under this Addendum, the following Covered Outfalls will be terminated from the Second Modified Consent Decree:

| Covered Permits WV/NPDES Permit No. | Covered Outfalls |
| --- | --- |
| WV0096962 | 001, 042, 044, 055, 056 |
| WV1014684 | 001, 002 |
| WV0093751 | 003, 005, 026 |
| WV0096920 | 001 |

Lastly, Panther Creek can terminate the Second Modified Consent Decree as to Outfalls 003 and/or 006 of WV/NPDES Permit WV1014684 upon submission to Plaintiffs of notice of termination, which will include discharge monitoring reports for each relevant outfall that establish compliance with the relevant selenium limits in the relevant Covered Permit for twelve consecutive months. *Id.* at 5.

The Court **FINDS** these circumstances warrant the acceptance of the Proposed Addendum to the Second Modified Consent Decree. The Court also **FINDS** the Proposed Addendum adequately furthers the purpose of the CWA. Accordingly, the Joint Motion to Enter Proposed Addendum to Second Modified Consent Decree is **GRANTED**. ECF No. 240.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:    December 21, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE