IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**WEST VIRGINIA HIGHLANDS**
**CONSERVANCY, INC. and SIERRA CLUB,**

    Plaintiffs,

    and

**APPALACHIAN HEADWATERS, INC.,**

    Nonparty in whose favor
    an order has been entered,

v.                                               CIVIL ACTION NO. 3:11-cv-00115

**ERP ENVIRONMENTAL FUND, INC.,**

    and

**RECEIVERSHIP ESTATE OF ERP**
**ENVIRONMENTAL FUND, INC.,**

    Defendants,

    and

**VCLF LAND TRUST, INC.,**

    Nonparty against whom an order may be enforced.

**DEFENDANT'S STATUS UPDATE AND STIPULATION**

I.     Status Update

       The Receiver hereby provides the following status update and stipulation to the Court. This dispute arose over the Parties' differing interpretations of the Second Modified Consent Decree and the applicability of its restrictions—particularly Paragraph 63's limitation on surface mining to that necessary and incidental to reclamation—to third-party transferees.

4875-6680-7907.v1

To briefly recap, the Receiver was approached by a third party about the possibility of accepting transfer of the Chestnut Oak Surface Mine Permit (S503308) and fully reclaiming it, provided the transferee could incidentally remove coal in sufficient amounts to offset the cost of overburden removal, NOV remediation, reclamation, and restoring the site to the permitted AOC configuration. Prior to seeking approval of transactions related to the transfer of the Chestnut Oak Permit from the West Virginia Business Court, the Receiver was notified by Plaintiffs of their belief that the proposed transferee would be bound by the terms of the Second Modified Consent Decree.

The Parties submitted cross-motions (ECF Nos. 256 and 258) on two[1] issues: (1) whether third-party transferees are subject to the provisions of the Second Modified Consent Decree; and (2) whether mining proposed by the third-party transferee of the Chestnut Oak Permit ((S503308) was in accordance with the restriction on surface mining contained in the Second Modified Consent Decree, particularly Paragraph 63's prohibition on surface mining except that "necessary and incidental" to reclamation.

By *Memorandum Opinion and Order* dated March 2, 2023, the Court ruled that transferees of surface mining permits are "successors and/or assigns" under Paragraph 24 of the Second Modified Consent Decree and are, therefore, bound by its restrictions on surface mining. ECF No. 263. The Court, however, deferred disposition as to the question of whether proposed surface mining at Chestnut Oak is necessary and incidental to reclamation, pending further briefing and/or an evidentiary hearing.

The Receiver has now had the opportunity to confer with the potential third-party transferee regarding the proposed mining. The potential transferee's mining plan proposed to

---

[1] Plaintiffs raised a third issue in their initial brief regarding Fed. R. Civ. Proc. 65, which the Court did not ultimately rule upon.

mine the entirety of area permitted and bonded under the Chestnut Oak Permit (S503308). As previously argued in its brief, the Receiver believes the definition of "necessary and incidental" must take into account mineral removal necessary "to offset the removal of overburden." This inquiry should be based upon various ever-changing economic factors, such as the type and cost of equipment required, coal prices, number of employees, transportation costs, etc.

However, based on the Court's October 5, 2022 ruling (ECF No. 253) regarding mining proposed by the Receiver to be undertaken by a third-party contractor at the Buck Fork Mine, the Receiver believes the Court is unlikely to rule that mining the entirety of the Chestnut Oak permit is necessary and incidental to reclamation. There, the Court stated that, "while cost may factor into determining when surface mining may be necessary and incidental to reclamation, it can only enter the equation where mining occurs with the main purpose of generating reclamation material." ECF #253, p. 11. The Receiver believes it is unlikely that the Court will find that the main purpose of all mining contemplated by the proposed third-party transferee's current mine plan—which proposes mining the entirety of the Chestnut Oak permit by contour and auger mining methods—is to generate material to reclaim highwalls and achieve approximate original contour.

## II. Stipulation

Accordingly, in order to avoid expenditure of limited resources by the Receivership Estate, the Receiver STIPULATES that, if the Parties were to present evidence at a hearing before the Court, the mining proposed by the third-party transferee would not meet the Court's interpretation of "necessary and incidental" to reclamation, as set forth in the Court's prior decision. In light of this stipulation, the Receiver requests entry of a final order resolving

Plaintiffs' Motion to Enforce Second Modified Consent Decree (ECF No. 256), and Defendant's Motion to Resolve Dispute Under the Second Modified Consent Decree.  ECF No. 258.

                                                      Respectfully submitted,

                                                      DOSS SPECIAL RECEIVER, LLC
                                                      By Counsel

/s/ *Christopher M. Hunter*_____
CHRISTOPHER M. HUNTER (WVBN 9768)
M. SHANE HARVEY (WVBN 6604)
JACKSON KELLY PLLC
P.O. Box 553
Charleston, West Virginia 25322
Telephone: (304) 340-1000

4875-6680-7907.v1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT HUNTINGTON

**WEST VIRGINIA HIGHLANDS**
**CONSERVANCY, INC., and**
**SIERRA CLUB,**

 Plaintiffs,

 and

**APPALACHIAN HEADWATERS, INC.,**

 Nonparty in whose favor
 an order has been entered,

v.                   **CIVIL ACTION NO. 3:11-cv-00115**

**ERP ENVIRONMENTAL FUND, INC.,**

 and

**RECEIVERSHIP ESTATE OF ERP**
**ENVIRONMENTAL FUND, INC.,**

 Defendants,

 and

**VCLF LAND TRUST, INC.,**

 Nonparty against whom an order may be enforced.

## CERTIFICATE OF SERVICE

   I certify that on May 9, 2023, I electronically filed the foregoing DEFENDANT'S STATUS UPDATE AND STIPULATION using the CM/ECF system which will send notification of such filing to the following:

4875-6680-7907.v1

Benjamin A. Luckett
Derek O. Teaney
Joseph M. Lovett
J. Michael Becher
Elizabeth A. Bower
Appalachian Mountain Advocates, Inc.
P.O. Box 507
Lewisburg, WV 24901
bluckett@appalmad.org

Kevin M. Rose
BotkinRose PLC
3190 Peoples Drive
Harrisonburg, VA 22801
krose@botkinrose.com

                                            /s/ *Christopher M. Hunter*
                                            CHRISTOPHER M. HUNTER (WVBN 9768)