IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**WEST VIRGINIA HIGHLANDS**
**CONSERVANCY, INC., et al.,**

    Plaintiffs,

v.                                        CIVIL ACTION NO. 3:11-CV-0115

**ERP ENVIRONMENTAL FUND, INC., et al.,**

    Defendants.

PLAINTIFFS' RESPONSE
TO DEFENDANT'S STATUS UPDATE AND STIPULATION

Plaintiffs respectfully submit the following response to the May 9, 2023 Status Update and Stipulation filed by Defendant Receivership Estate of ERP Environmental Fund, Inc. ("Receivership Estate"). CM/ECF #271. The Receivership Estate "STIPULATES that, if the Parties were to present evidence at a hearing before the Court, the mining proposed by the third-party transferee would not meet the Court's interpretation of 'necessary and incidental' to reclamation, as set forth in the Court's prior decision." Id. at 3. The Receivership Estate further "requests entry of a final order resolving Plaintiffs' Motion to Enforce Second Modified Consent Decree (ECF No. 256), and Defendant's Motion to Resolve Dispute Under the Second Modified Consent Decree. ECF No. 258." Id. at 2–3.

Plaintiffs hereby join the stipulation that the mining proposed by the third-party transferee is not necessary and incidental to reclamation. And Plaintiffs further agree that stipulation should facilitate the resolution of the outstanding issues presented by the pending cross motions in the Chestnut Oak Surface Mine dispute. For the reasons explained below, however, Plaintiffs respectfully request that the Court's final order on the pending motions address the consequences that flow from the Receivership Estate's stipulation under Federal Rule of Civil Procedure 65(d)(2).

With the May 9, 2023 stipulation, it is now uncontested that the mining the Receivership Estate contemplated benefitting from at the Chestnut Oak Surface Mine is ***not*** necessary and incidental to reclamation and that the proposed mining is prohibited by the Second Modified Consent Decree. CM/ECF #105, ¶63. The necessary consequence of that stipulation is the conclusion that Rule 65(d)(2) independently bars the Receivership Estate from transferring the permit under these circumstances, regardless of whether the transferee is expressly bound to the terms of the Second Modified Consent Decree as this Court held in its March 2, 2023 opinion. CM/ECF #263. As explained below, the Court should resolve the Rule 65(d)(2) issues in order to prevent piecemeal appeals in this dispute.

Consent decrees, like the Second Modified Consent Decree, "operate as injunctions" when they regulate future conduct. Thompson v. U.S. Dep't of Hous. & Urb. Dev., 404 F.3d 821, 825 (4th Cir. 2005); W. Va. Highlands Conservancy v. ERP Envtl. Fund, Inc., Civ. No. 3:11-cv-115, 2022 WL 52260626, at *3 (S.D. W. Va. Oct. 5, 2022). Rule 65(d)(2) provides that injunctions bind the parties to the injunction, as well as "other persons who are in active concert or participation with" the parties. In construing Rule 65(d)(2), the Supreme Court of the United States has held that "defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." Regal Knitwear Co. v. N.L.R.B., 324 U.S 9, 14 (1945). The Ninth Circuit has similarly held that "[b]y analogy [to Rule 65(d)(2)], a party who acts knowing that his conduct is highly likely to cause of violation of an injunction may not avoid liability simply because another person outside his immediate control has actually carried out the violation." Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y, 774 F.3d 935, 951 (9th Cir. 2014). Indeed, court "orders would have little practical force and would be rendered essentially meaningless, if [courts] were unable to prevent parties bound by them from flagrantly and materially assisting others to do what they themselves are forbidden to do." Id. at 952.

With the May 9, 2023 stipulation, it is now clear that transferring the permits for the Chestnut Oak Surface Mine would result in precisely what Rule 65(d)(2) forbids: flagrant and material assistance to a third party to engage in activity prohibited by Paragraph 63 of the Second Modified Consent Decree. And Plaintiffs' pending motion seeks an order prohibiting the Receivership Estate, by and through the Special Receiver, from executing a permit transfer agreement with a third party that would (as is now uncontested) authorize the third party to do that which the Receivership Estate cannot.

In its March 2, 2023 Memorandum Opinion and Order, the Court reserved ruling on Plaintiffs' Rule 65(d)(2) arguments. CM/ECF #263 at 14. Because the Court found that the plain language of the Second Modified Consent Decree bound third-party permit transferees to its terms, it determined that it "need not reach" Plaintiffs' Rule 65(d)(2) claims. Id. However, with the May 9, 2023 stipulation that the mining contemplated at the Chestnut Oak Surface Mine is prohibited by the Second Modified Consent Decree, CM/ECF #271 at 2, Plaintiffs' Rule 65(d)(2) arguments are easily resolved. And revisiting the Rule 65(d)(2) issues remains permissible. See American Canoe Association v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment.").

Resolving the Rule 65(d)(2) issues now is not only permissible, it is preferable because it would serve judicial economy. The Receivership Estate has expressed its intent to file a notice of appeal of this Court's final resolution of the Chestnut Oak Surface Mine dispute. Leaving unresolved the questions of Rule 65(d)(2)'s applicability and effect before that appeal could lead to the disfavored situation where, even after an appeal, there is further litigation on this dispute before this Court. Cf. Penn-Am. Ins. Co. v. Mapp, 521 F.3d 290, 294 (4th Cir. 2008) (recognizing that the "pursuit of 'piecemeal' appeals" is "universally disfavored"); Swentex v. USAIR, Inc., 830 F.2d 552, 561 (4th Cir. 1987) (recognizing the "drain on resources" attendant piecemeal appeals).

Moreover, it is well-settled that "district courts are in the best position to interpret their own orders." <u>JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.</u>, 359 F.3d 699, 705 (4th Cir. 2004). Accordingly, this Court should resolve Plaintiffs' Rule 65(d)(2) arguments in light of the May 9, 2023 Stipulation. Moreover, the Court should also include in its final resolution of the pending motions an order prohibiting the Receivership Estate from transferring the Chestnut Oak Surface Mine permit to the prospective third-party transferee. Such a transfer would constitute contempt of court under Rule 65(d)(2) because it would authorize mining not necessary and incidental to reclamation.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court resolve the questions of Rule 65(d)(2)'s applicability and effect presented by the pending cross motions and, in the order resolving those motions, rule that the Receivership Estate will be in contempt if it attempts to transfer the permits to the Chestnut Oak Surface Mine to a third party.

DATED: May 9, 2023                                  Respectfully submitted,

**/s/ Derek O. Teaney**
DEREK O. TEANEY (WVBN 10223)
ELIZABETH A. BOWER (WVBN 13589)
APPALACHIAN MOUNTAIN ADVOCATES, INC.
P.O. Box 507
Lewisburg, WV 24901
Telephone: (304) 646-1182
Email: dteaney@appalmad.org
<u>Counsel for Plaintiffs</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**WEST VIRGINIA HIGHLANDS
CONSERVANCY, INC., et al.,**

    Plaintiffs,

v.                                                             CIVIL ACTION NO. 3:11-CV-0115

**ERP ENVIRONMENTAL FUND, INC., et al.,**

    Defendants.

## CERTIFICATE OF SERVICE

I, Elizabeth Bower, do hereby certify that on May 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, which will notify, among others, the following participants:

**Christopher M. Hunter**
JACKSON KELLY PLLC
P.O. Box 553
Charleston, WV 25322
chunter@jacksonkelly.com
Counsel for the Receivership Estate of ERP Environmental Fund, Inc.

                                                      **/s/ Derek O. Teaney**
                                                      Derek O. Teaney (WVBN 10223)