IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WEST VIRGINIA HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,

     Plaintiffs,

v.                                     CIVIL ACTION NO. 3:11-0115

ERP ENVIRONMENTAL FUND, INC. and
RECEIVERSHIP ESTATE OF ERP
ENVIRONMENTAL FUND, INC.,

     Defendants.

**ORDER**

On December 15, 2023, Plaintiffs and Defendant Special Receiver moved to resolve a dispute arising under the Second Modified Consent Decree. Pls.' Mot. to Enforce the Second Modified Consent Decree, ECF No. 256; Def.'s Mot. to Resolve Dispute Under the Second Modified Consent Decree, ECF No. 258. In these motions, the parties sought to resolve two issues: 1) whether the prohibition on surface mining in paragraph 63 of the Second Modified Consent Decree is binding upon third-party permit transferees, and 2) whether the proposed mining plan at Chestnut Oak Surface Mine is "necessary and incidental" to reclamation. Pls.' Mot. to Enforce the Second Modified Consent Decree, ECF No. 256; Def.'s Mot. to Resolve Dispute Under the Second Modified Consent Decree, ECF No. 258. Via a Memorandum Opinion and Order entered on March 2, 2023, the Court granted Plaintiffs' Motion (ECF No. 256) in part and denied Defendant's Motion (ECF No. 258) in part, finding that the plain language of the Second Modified Consent Decree binds third-party permit transferees as "successors and/or assigns" of Defendant. ECF No.

-1-

263. The Court deferred disposition as to the issue of whether proposed surface mining at Chestnut Oak is "necessary and incidental" to reclamation pending further briefing. *Id.*

Shortly thereafter, the Court directed the parties to inform the Court within two weeks as to the necessity of an evidentiary hearing on the proposed mining at Chestnut Oak. ECF No. 264. After several extensions to this deadline and a telephonic status conference, the parties notified the Court that an evidentiary hearing would not be necessary on this matter. ECF No. 270. The Special Receiver then filed a stipulation of facts, conceding that "based on the Court's October 5, 2022 ruling (ECF No. 253) regarding mining proposed by the Receiver to be undertaken by a third-party contractor at the Buck Fork Mine, the Receiver believes the Court is unlikely to rule that mining the entirety of the Chestnut Oak permit is necessary and incidental to reclamation." Def.'s Status Update and Stipulation at 3, ECF No. 271. Accordingly, the Special Receiver stipulated that if it were to present evidence at a hearing before the Court, the proposed mining would not meet the interpretation of "necessary and incidental" as set forth in a prior Memorandum Opinion and Order. *Id.* (citing ECF No. 253). The Special Receiver asked the Court to enter a final order resolving the motions to enforce the Second Modified Consent Decree. *Id.* at 3-4.

Plaintiffs responded, agreeing with the Special Receiver's stipulation and asking that the Court's final order address their argument as to Federal Rule of Civil Procedure (FRCP) 65(d)(2). Pls.' Resp. to Def.'s Status Update and Stipulation at 1, ECF No. 272. In their original Motion, Plaintiffs had argued that a third-party permit transferee would be bound by the Second Modified Consent Decree on two bases: (1) under its plain language as a "successor and/or assign" of Defendant, and (2) under FRCP 65(d)(2), by which injunctions bind both the parties and "other persons who are in active concert or participation with [them]." Mem. in Supp. of Mot. to Enforce

the Second Modified Consent Decree at 8-9, ECF No. 257. The Court did not rule on Plaintiffs' argument as to FRCP 65(d)(2), however, as it found that a third-party permit transferee would be bound under the plain language of the Second Modified Consent Decree. *Id.* Given that the Court has found that the Second Modified Consent Decree would bind permit transferees, the issue of whether they would also be bound by FCRP 65(d)(2) is moot. The Court declines to issue a decision where none is needed.

Therefore, in light of Defendant Special Receiver's Stipulation, the Court **GRANTS** Plaintiff's Motion to Enforce the Second Modified Consent Decree (ECF No. 256) and **DENIES** Defendant's Motion to Resolve Dispute Under the Second Modified Consent Decree (ECF No. 258). In doing so, the Court **FINDS** that 1) the prohibition on surface mining in paragraph 63 of the Second Modified Consent Decree is binding upon third-party permit transferees as "successors and/or assigns" of Defendant, and 2) the proposed mining plan at Chestnut Oak Surface Mine is not "necessary and incidental" to reclamation.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 26, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE